**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 21-76-DLB**

**ISAIAH TYLER,**                                                                                       **PLAINTIFF**

**v.**           **MEMORANDUM OPINION AND ORDER**

**JUDGE IRV MAZE, *et al*.,**                                          **DEFENDANTS**

*** *** *** ***

Plaintiff Isaiah Tyler is a Kentucky inmate confined at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky. Proceeding without counsel, Tyler has filed a civil complaint pursuant to 42 U.S.C. § 1983 against Kentucky Court of Appeals Judges Irv Maze, Larry Thompson, Joy Kramer, Jeff Taylor, and Donna Dixon (Doc. # 1) and a motion for leave to proceed *in forma pauperis*. (Doc. # 2). The Court has reviewed the fee motion and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Tyler has been granted *pauper* status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

Because Tyler is a prisoner proceeding *in forma pauperis*, the Court must conduct a preliminary review of Tyler's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). At this stage, the Court accepts Tyler's factual allegations as true and liberally construes Tyler's legal claims in his favor. *Bell Atl. Corp.*

1

*v. Twombly*, 550 U.S. 544, 555-56 (2007).  Tyler's complaint is evaluated under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

Tyler's complaint relates to his post-conviction proceedings in two state criminal cases, *Commonwealth v. Tyler*, 11-CR-158 (Henderson Cir. Ct.) and *Commonwealth v. Tyler*, 14-CR-34-02 (Henderson Cir. Ct.).

### *Commonwealth v. Tyler*, 11-CR-158 (Henderson Cir. Ct.)

In 2011, Tyler pled guilty to being a convicted felon in possession of a handgun in the Henderson County (Kentucky) Circuit Court.  *Commonwealth v. Tyler*, 11-CR-158 (Henderson Cir. Ct.).[1]  In September 2017, Tyler filed a motion in the state circuit court seeking to vacate the judgment pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42, in which he challenged the evidence against him and claimed ineffective assistance of counsel.  The circuit court denied this motion as untimely and Tyler did not appeal.  *Id*.

In October 2018, Tyler filed a motion to vacate pursuant to Kentucky Rule of Civil Procedure ("CR") 60.02.  This motion was denied by the Henderson Circuit Court and Tyler appealed to the Kentucky Court of Appeals.  According to the Kentucky Court of Appeals, Tyler's CR 60.02 motion set forth arguments nearly identical to those set forth in his prior RCr 11.42 motion.  *Tyler v. Commonwealth*, No. 2018-CA-1788-MR, 2019 WL 4732515, at *2 (Ky. Ct. App. Sept. 27, 2019), *review denied* (Ky. Apr. 22, 2020).  On

---

[1] The dockets for Tyler's state criminal cases are available for review through the Kentucky Court of Justice online court records, available at https://kcoj.kycourts.net/kyecourts.  The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

appeal, the Kentucky Court of Appeals "agree[d] with the circuit court's decision that Tyler's CR 60.02 motion is procedurally barred because CR 60.02 is not intended to give a defendant another chance to litigate issues that should have been addressed on direct appeal or through an RCr 11.42 proceeding." *Id*.

Tyler then sought relief from his state conviction and sentence in federal court, filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Kentucky. *Tyler v. Jordan*, No. 4:20-cv-069-JHM-HBB (W.D.Ky. 2020). The federal district court denied Tyler's petition, finding that Tyler's § 2254 petition was untimely under 28 U.S.C. § 2244(d)(1) and that the untimeliness of his petition was not cured by a demonstration of "actual innocence." The district court also declined to issue a Certificate of Appealability ("COA"). Tyler filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit, which construed his notice as an application for a COA. *Tyler v. Jordan*, No. 21-5090 (6th Cir. Aug. 31, 2021 Order). On August 31, 2021, the Sixth Circuit issued an Order finding that "no reasonable jurist could debate the district court's conclusion that Tyler's habeas petition was untimely" and denying the construed COA application. *Id*.

### *Commonwealth v. Tyler*, 14-CR-34-02 (Henderson Cir. Ct.)

In 2014, Tyler was convicted by a jury in the Henderson Circuit Court of complicity to commit first-degree robbery and being a second-degree persistent felony offender and sentenced to a total term of imprisonment of forty years. *Commonwealth v. Tyler*, 14-CR-34-02 (Henderson Cir. Ct.). Tyler's conviction and sentence were affirmed on appeal to the Kentucky Supreme Court. *Tyler v. Commonwealth*, No. 2015-SC-64-MR, 2016 WL 3370931 (Ky. June 16, 2016).

3

Tyler then filed a motion in the Henderson Circuit Court to vacate, set aside, or correct his sentence pursuant to RCr 11.42 and CR 60.02.  The circuit court denied his motion and Tyler appealed to the Kentucky Court of Appeals.  *Tyler v. Commonwealth*, No. 2017-CA-1228-MR, 2019 WL 3990995 (Ky. Ct. App. Aug. 23, 2019), *review denied* (Ky. Apr. 22, 2020).  The Kentucky Court of Appeals affirmed, finding that Tyler was procedurally barred from raising his arguments for relief on appeal because he either failed to adequately present them to the trial court and/or because he could have raised the issues on direct appeal and failed to do so.  *Id*.

Tyler then sought relief from this conviction and sentence in federal court, filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Kentucky.  *Tyler v. Jordan*, No. 4:18-cv-163-JHM-HBB (W.D.Ky. 2018).  The federal district court denied Tyler's petition, finding that Tyler procedurally defaulted four of his claims; two of his claims were without merit; and two raised non-cognizable state-law errors.  The district court declined to issue a COA.  Tyler filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit, which construed his notice as an application for a COA.  *Tyler v. Jordan*, No. 21-5087 (6th Cir., Aug. 30, 2021 Order).  On August 30, 2021, the Sixth Circuit denied Tyler's COA application.  *Id*.

Having been repeatedly denied habeas relief, Tyler now seeks to pursue claims pursuant to § 1983 directly against the Kentucky Court of Appeals judges who presided over his appeals.  (Doc. # 1). Judges Kramer, Maze, and Thompson presided over Tyler's appeal from the Henderson Circuit Court's denial of his motion to vacate, set aside, or correct judgment and sentence pursuant to RCr 11.42 and CR 60.02 in Case No. 11-CR-

4

158.  Judges Dixon, Kramer, and Taylor presided over Tyler's appeal from the denial of his motion to vacate, set aside, or correct judgment and sentence pursuant to RCr 11.42 and CR 60.02 in Case No. 14-CR-34-02.  In his complaint, Tyler alleges that, in both cases, "while presiding the Judges placed a procedural bar on the Plaintiff's claims subsequently barring his entire brief" without first giving Tyler notice of their intent and an opportunity to show cause and prejudice or actual innocence. (Doc. # 1 at 2-3).  However, Tyler's complaint will be dismissed for failure to state a claim for which relief may be granted.

A civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *See also* Fed. R. Civ. P. 8.  Tyler's complaint alleges claims against the Defendants based upon their performance of judicial functions related to the resolution of Tyler's appeals to the Kentucky Court of Appeals.   However, judges have long been entitled to absolute judicial immunity from claims arising out of their performance of functions integral to the judicial process, *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967).  As explained by the United States Supreme Court, "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction," and this "settled principle of law" was not abolished by § 1983.  *Id*. at 554.  "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages," and, accordingly, is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted).

5

Here, Tyler seeks to sue the Defendants under § 1983 based upon his disagreement with their legal conclusions that his claims in his post-conviction motions for relief were procedurally barred. Without question, the judicial conduct alleged by Tyler falls squarely within the role of an appellate judge. *See Huffer v. Bogen*, 503 F. App'x 455, 459 (6th Cir. 2012) ("[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity.") (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Thus, Tyler's claims against Defendants are barred by judicial immunity.

Notably, Tyler does not seek monetary relief, but instead requests that "the court to remove the procedural bar and re-review my appellate briefs and allow federal review of my claims that was barred from seeking federal review pursuant to 28 U.S.C. § 2254." (Doc. # 1 at 8). Tyler's request for relief only makes clear that what Tyler actually seeks is the habeas relief that he was previously denied by the Western District of Kentucky and the Sixth Circuit. Tyler may not circumvent the denial of his post-conviction motions and his § 2254 habeas petitions by simply re-packaging his habeas claims as § 1983 claims brought directly against the state court appellate judges who ruled against him.

Accordingly, it is hereby **ORDERED** as follows:

(1)   Tyler's motion to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**. Section 1915(b)(1) requires a prisoner-plaintiff to pay the $350.00 filing fee for a civil action as set forth below.

(a)    Within **twenty-eight (28) days** from the date of this Order, Tyler must pay **$51.90** to the Clerk of the Court as an initial partial filing fee.  28 U.S.C. § 1915(b)(1)(A).

(b)    The Clerk of the Court shall open an account in Tyler's name for receipt of the filing fee.  The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Tyler's name, (b) his inmate registration number, and (c) this case number.  The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Tyler is currently confined and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky.

(c)    Each month Tyler's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00.  The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid.  28 U.S.C. § 1915(b)(2).

(2)    Tyler's Complaint (Doc. # 1) is **DISMISSED WITH PREJUDICE**.

(3)    The Court will enter an appropriate Judgment.

(4)    This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 24th day of November, 2021.



Signed By:
*David L. Bunning*  DB
United States District Judge

M:\DATA\ORDERS\PSO Orders\0-21-76 Memorandum Order.docx

7